Thomas P. Bleau, Esq., SBN 152945
BLEAU FOX, A P.L.C.
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, CA 90068
Telephone: (323) 874-8613
Facsimile: (323) 874-1234
Email: bleaushark@aol.com

Attorneys for Plaintiffs,
DAVID CHAO and
CHASE PETROLEUM, INC.

FILED
2010 MAY 28 AM 10:04
CLERK US DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID CHAO, an individual, CHASE PETROLEUM, INC., a California corporation,

Plaintiffs,

v.

EQUILON ENTERPRISES, LLC, a Delaware limited liability company, and DOES 1 through 10, Inclusive,

Defendants.

Case Number: CV10 4026 VBF (FFMx)

**COMPLAINT FOR:**

1. DAMAGES, INJUNCTIVE RELIEF AGAINST EQUILON (VIOLATIONS OF THE PETROLEUM MARKETING PRACTICES ACT, 15 U.S.C. § 2801, ET SEQ.)

**DEMAND FOR JURY TRIAL**

PRELIMINARY ALLEGATIONS

1.  Plaintiff, DAVID CHAO, is an individual that operates a Shell branded motor fuel service station located at 4530 Torrance Blvd., Los Angeles, California, 90503.

2.  Plaintiff, CHASE PETROLEUM, INC., is an individual that operates a Shell branded motor fuel station located at 941 California Street, Redlands, California 92374.

3.  Plaintiffs are informed and believe and thereon allege that Defendant, EQUILON ENTERPRISES, LLC, ("Equilon") is, and at all relevant times herein

-1-
**COMPLAINT**

mentioned was, a Delaware limited liability company doing business within the County of Los Angeles, State of California, and subject to the jurisdiction of the above-entitled court.

4. Plaintiffs are not aware of the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 10, Inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs shall amend this Complaint to allege the true names and capacities of the fictitiously named Defendants when ascertained. Plaintiffs are informed and believe and on that basis alleges that each of the fictitiously named Defendants is in some manner intentionally or negligently responsible for the things herein alleged and the damages suffered by the Plaintiffs.

5. Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants, fictitious and real, are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

6. Plaintiffs are informed and believe, and based thereon allege, that at all times herein mentioned, each of the fictitiously named Defendants was the agent, servant, employee, co-venturer and/or alter ego of each of the remaining fictitiously named Defendants and were acting within the course, scope, purpose, consent, knowledge and authorization of such agency, employment and/or joint venture and each fictitiously named Defendant has ratified and approved the acts of his, her and/or its agent.

7. Whenever in this complaint reference is made to "Defendants, and each of them," such allegation shall be deemed to mean the acts of Defendants acting individually, jointly and/or severally.

## JURISDICTION

8. Jurisdiction over this action is based on the provisions of the Petroleum Marketing Practices Act (hereinafter "PMPA"), 15 U.S.C. Section 2805, et seq., which

explicitly confers jurisdiction on the United States District Courts over civil actions brought against franchisors by franchisees, regardless of the amount in controversy. Jurisdiction over this action is therefore appropriate since this case involves a Federal Question pursuant to the provisions of 28 U.S.C. Section 1331.

9. Jurisdiction over the remaining counts of this Complaint arises under 28 U.S.C. Section 1367 because the state and common law claims alleged herein are so related to federal claims that they form part of the same case or controversy.

## VENUE

10. Venue is appropriate in this district pursuant to 28 U.S.C. Section 1391(b) and 15 U.S.C. Section 2805(a) because Plaintiff Chao's business premises are located within the boundaries of the Central District.

## COMMON ALLEGATIONS

11. On or about March 1, 2010, Plaintiff Chao received a "Notice of Non-Renewal" informing Plaintiff Chao that his lease and franchise relationship would not be renewed and would end on November 30, 2010.

12. On or about March 12, 2010, Plaintiff Chase Petroleum, Inc. received a "Notice of Non-Renewal" informing Plaintiff Chase Petroleum, Inc. that its lease and franchise relationship would not be renewed and would end on July 31, 2010.

13. On or about March 5, 2010, Equilon forwarded to Plaintiff Chao a document entitled "Right of First Refusal Offer" for the purchase of its station. The purported Third Party Offer contained therein was made by RANA LLC.

14. On or about March 18, 2010, Equilon forwarded to Plaintiff Chase Petroleum, Inc. a document entitled "Right of First Refusal Offer" ("Offer") for the purchase of its station. The purported Third Party Offer contained therein was made by ELIAS ANTOUN.

15. Plaintiffs are informed and believe and thereon allege that the Third Party Offers are not a legitimate offers, in that RANA LLC and ELIAS ANTOUN (herein referred to collectively as the "Third Party Buyers") are not ready, willing and able

buyers. The Third Party Buyers must either have the full purchase price in cash or have a loan already approved by a bank to be able to close escrow. However, Plaintiffs are informed and believe and thereon allege that the Third Party Buyers do not have the finances to close in a timely manner and said Third Party Offers were not arms length transactions, resulting in artificially inflated purchase prices in the Right of First Refusal Offers provided to Plaintiffs.

16. The Right of First Refusal Offers provided to Plaintiffs contain terms and conditions that are commercially unreasonable and in violation of the PMPA and California *Civil Code* Section 1670.5, including but not limited to, that each Offer to sell the real property and improvement contains prices in excess of fair market value for the land, improvements and equipment; each Offer contains an artificially high purchase price from the Third Party Buyer which each Plaintiff believes is a sham in order to drive Plaintiffs out of business and/or to inflate the purchase price; each Offer includes non-negotiable provisions that are not commercially reasonable, including but not limited to, unlawful waivers of customary legal and equitable remedies in the event of a breach of contract by Equilon, an inadequate indemnity provision and remedies relative to environmental issues involving the premises and a failure by Equilon to comply with its obligation to convey all of its interest in the premises by unilaterally retaining the right to remove the underground storage tanks and piping.

17. In order to preserve its rights under the PMPA and its rights to purchase the subject property, on or about March 5, 2010, Plaintiff Chao accepted the Right of First Refusal Offer under an express reservation of its rights under the PMPA and all other applicable laws.

18. In order to preserve its rights under the PMPA and its rights to purchase the subject property, on or about April 27, 2010, Plaintiff Chase Petroleum, Inc. accepted the Right of First Refusal Offer under an express reservation of its rights under the PMPA and any other applicable laws.

19. There are serious questions surrounding the validity of Equilon's actions

-4-

**COMPLAINT**

and Equilon's obligations to Plaintiffs under the PMPA. Such questions are fair grounds for litigation.

20. Plaintiffs are informed and believe and based thereon allege that Equilon's decision to sell the subject premises was not made in good faith and in the normal course of business as required by the PMPA, as Plaintiffs are informed and believe and based thereon allege that the Third Party Buyers are not ready, willing and able buyers.

21. Plaintiffs desire to continue in business at their respective locations and to purchase their property from Equilon. However, as set forth herein and to be shown at trial, Plaintiffs rights under the PMPA have been materially violated by Defendant in Equilon's making the Offers and as such Plaintiffs seek redress through this Court.

22. The PMPA has been interpreted in this jurisdiction to provide that franchisors must sell ALL material parts of the premises to their franchisees so that, if they can afford to purchase the premises, franchisees can continue to operate their stations.

23. In accordance with Plaintiffs' statutory rights, Plaintiffs have requested to purchase the petroleum marketing premises on which their stations are located from Equilon.

24. Equilon's Offers given to Plaintiffs to sell its interests in the respective premises to each Plaintiff was conditioned, inter alia, upon unlawful provisions, such as complete non-negotiable waivers of each Plaintiffs' PMPA rights.

25. Plaintiffs are informed and believe and based thereon allege that Equilon's Offers given to Plaintiffs to sell the improvements and/or real property to each Plaintiff were not bona fide nor made in good faith and in the normal course of business in that, inter alia, the Offers include non-negotiable provisions including but not limited to the following:

    (a) Plaintiffs must waive their PMPA rights;

    (b) The Offers allow for the unilateral removal of the underground

-5-

**COMPLAINT**

storage tanks at Equilon's sole discretion and other unreasonable and unlawful conditions; and

 (c) The Offers also contain other commercially unreasonable terms and conditions.

26. Allowing Equilon to sell Plaintiffs' station properties to the Third Party Buyers would create a substantial hardship on each Plaintiff in that each Plaintiff would not only lose its right to operate its Shell-branded franchise, but it would also lose its entire investment and goodwill in its station, contrary to the purpose and intent of the PMPA.

27. Although each Plaintiff had informed Equilon that it intended to exercise its right of first refusal to purchase its business premises and requested that Equilon submit a bona fide offer with terms which comply with the PMPA and which contains only the fair market values for the equipment and improvements on the subject property, Equilon refused and continues to refuse to make each Plaintiff a bona fide offer that complies with the PMPA and approaches fair market value in violation of each Plaintiff's legal rights.

28. Plaintiffs are informed and believe, and based thereon allege, that Defendants' continued course of conduct will cause each Plaintiff substantial hardship and irreparable harm.

29. If Defendants, and each of them, are permitted to continue with their course of conduct, then each Plaintiff will lose its means of support, its franchise and the substantial investments therein because the financial hardships currently imposed on each Plaintiff by Defendants will be virtually impossible to overcome by money damages.

30. Plaintiffs are further informed and believe and based thereon allege that the respective Third Party Buyers will suffer minimal hardship, if any at all, compared to each Plaintiff, because each Third Party Buyer has made an offer that greatly exceeds the fair market value of the premises that it allegedly intends to purchase and

will not lose any out of pocket monies if they are prevented from purchasing the subject properties on which the respective service stations are located. Additionally, the Third Party Buyers made the offers prior to the expiration of each Plaintiffs' lease and franchise agreements and made the offers knowing that Plaintiffs have the right of first refusal under the PMPA to purchase the property over any other third party buyers.

31. Plaintiffs are further informed and believe and based thereon allege that, pursuant to Section 2802(c)(4)(i) and (ii) of the Petroleum Marketing Practices Act, Equilon is obligated, upon furnishing notification of non-renewal to each Plaintiff, to convey a bona fide offer of Equilon's entire interest in the real property. Plaintiffs are further informed and believe and based thereon allege that Equilon has failed to convey such bona fide offers to the Plaintiffs.

## FIRST CLAIM FOR RELIEF

(Against Defendants, and Each of Them, For Damages, Injunctive Relief and Equitable Relief, Exemplary Damages, Attorney's Fees and Costs for Violations of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq.)

32. Plaintiffs incorporate and re-allege the allegations of Paragraphs 1 through 31, inclusive, as if fully set forth herein.

33. Equilon has furnished each Plaintiff with a notice that each Plaintiff's franchise, including but not limited to its motor fuel supply agreement, will not be renewed.

34. Plaintiffs are informed and believe and based thereon allege that Equilon's determination to nonrenew Plaintiffs' franchise agreements were not made in good faith or in the normal course of business, but rather were purely pretextual and in furtherance of Equilon's desire to sell the subject properties at inflated purchase prices.

35. Pursuant to Section 2802(b)(3)(D) of the PMPA, Equilon was obligated, at the time it furnished Plaintiffs with notifications of termination/nonrenewal, to

COMPLAINT

make a bona fide offer to each Plaintiff of all of its interests in the subject premises on which each Plaintiff's station is located that includes the equipment and improvements (including underground gasoline storage tanks) located on the subject properties and the real property itself, at fair market values. *Greco v. Mobil Oil Corp.* 597 F. Supp. 468; *Roberts v. Amoco Oil Co.* 740 F.2d 602 (8th Cir. 1984); *Ellis v. Mobil Oil Co.*, 969 F.2d 784 (9th Cir. 1992). In the alternative, Equilon was to, if applicable, offer each Plaintiff a right of first refusal of at least 45-days duration of an offer made by another to purchase Equilon's interest in the subject premises. However, the third party buyer must be a ready, willing and able buyer.

36. Plaintiffs are informed and believe and based thereon allege that Equilon failed to make a bona fide offer of its entire interests in the premises on which each Shell branded franchise of each Plaintiff is located by requiring, among other things, as non-negotiable conditions of the offer that Plaintiffs waive their PMPA rights, purchase the property at a price which is in excess of fair market value, and waive one or more of their legal remedies in the event of a breach of contract by Equilon. Additionally, Plaintiffs are informed and believe and based thereon allege that Equilon's offers allow for the unilateral removal of the underground storage tanks at Equilon's sole discretion and other unreasonable and unlawful conditions which constitute violations of Sections 2802 and 2803 of the PMPA.

37. There are serious questions surrounding the validity of Equilon's actions and obligations to Plaintiffs under the PMPA. Such questions are fair grounds for litigation.

38. Any hardships imposed on Equilon, as a franchisor, by a temporary restraining order/injunction would be far less than the enormous hardship imposed upon Plaintiffs, the franchisees, if injunctive relief were not granted.

39. Plaintiffs are therefore entitled to a temporary restraining order/preliminary injunction/permanent injunction restraining and enjoining Equilon, its agents, employees, officers, directors, managing agents, joint venturers, attorneys,

affiliates or subsidiaries, from entering into a purchase and sale agreement with any third party, from selling the subject properties to any third party, and from terminating and non-renewing each Plaintiff's lease agreement until Equilon comes forward with a bona fide offer to sell the premises so that each Plaintiff can exercise its PMPA right to purchase the premises and from forcing Plaintiffs to surrender their rights under the PMPA, Federal and California state law.

40. Plaintiffs are also entitled to a temporary restraining order/preliminary injunction/permanent injunction restraining and enjoining Equilon, its agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates and/or subsidiaries, from attempting to, or making any, bad faith efforts in attempting to establish grounds for termination and/or non-renewal of Plaintiffs' leases and franchise agreements with Equilon.

41. As a result of Equilon's willful disregard of the requirements of the PMPA and the rights of Plaintiffs,' Plaintiffs are entitled to and request exemplary damages in an amount sufficient to deter further violations of the PMPA.

42. Plaintiffs are entitled to and request attorneys' fees, expert fees and costs under the PMPA in connection with bringing the instant action pursuant to Section 2805(d) of the PMPA.

WHEREFORE, Plaintiffs pray for judgment as follows:

With respect to the First Claim for Relief against Defendants, and each of them, an order granting:

1. A temporary restraining order/preliminary injunction/permanent injunction restraining and enjoining Equilon, its agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from entering into a purchase and sale agreement with any third party, from selling the subject properties to any third party, and from terminating and non-renewing each Plaintiff's lease agreement until Equilon comes forward with a bona fide offer to sell the premises so that

each Plaintiff can exercise its PMPA right to purchase the premises, and from forcing the Plaintiffs to surrender their rights under the PMPA, Federal and state law.;

2. A temporary restraining order, preliminary injunction and permanent injunction restraining and enjoining Equilon, it agents, employees, officers, directors, managing agents, joint venturers, attorneys, affiliates or subsidiaries, from attempting to, or making any, bad faith efforts in attempting to establish grounds for termination and/or non-renewal with Equilon;

3. An award of compensatory damages as allowed under the PMPA which were incurred as a proximate result of Equilon's violations of the PMPA;

4. Any other equitable relief which the Court determines is necessary in order to remedy the effect of Equilon's willful failure to comply with Sections 2801, 2802, 2804 and 2805 of the PMPA, including, but not limited to, compelling Equilon to exercise its option to renew the "Master Lease" at Plaintiffs' stations (where applicable), compelling Equilon to make bona fide offers of its interests in the leased/owned marketing premises and compelling Equilon to continue to supply Plaintiffs Shell branded motor fuel through a renewed motor fuel supply agreement;

5. An award of exemplary damages in a amount to deter further violations of the PMPA as a result of Equilon's willful disregard of the requirements of the PMPA and the rights of the Plaintiffs;

6. An award of attorney's fees, expert fees and costs under the PMPA in connection with bringing the instant action pursuant to the PMPA;

7. Attorneys' fees and expenses of expert witnesses in an amount determined by the Court to be reasonable as authorized by statute;

8. Costs incurred in this action; and

9. Any other and further relief the Court deems just and proper.

Dated: May 28, 2010

Respectfully submitted,
BLEAU FOX, A P.L.C.

By: _____
Thomas P. Bleau, Esq.
Megan A. Childress, Esq.
Attorneys for Plaintiffs,
DAVID CHAO and
CHASE PETROLEUM, INC.

///

///

///

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure, Rule 38, Plaintiffs hereby demand a trial by jury of all claims herein which are properly the subject of a trial by jury.

Dated: May 28, 2010

Respectfully submitted,
BLEAU FOX, A P.L.C.

By: _____
Thomas P. Bleau, Esq.
Megan A. Childress, Esq.
Attorneys for Plaintiffs,
DAVID CHAO and
CHASE PETROLEUM, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV10- 4026 VBF (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAO, an individual, CHASE PETROLEUM, INC., a California corporation<br><br>PLAINTIFF(S)<br><br>v.<br><br>EQUILON ENTERPRISES, LLC., a Delaware limited liability company, and DOES 1 through 10, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV10 4026 VBF (FFMx)**<br><br>SUMMONS |

TO: DEFENDANT(S): <u>EQUILON ENTERPRISES, LLC</u>

A lawsuit has been filed against you.

Within <u>20</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>BLEAU FOX, A P.L.C.</u>, whose address is <u>3575 Cahuenga Blvd. West, Suite 580, Los Angeles, CA 90068</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

ORIGINAL

Clerk, U.S. District Court

Dated: <u>May 28 2010</u>     By: **CHRISTOPHER POWERS**
                                     Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)        **SUMMONS**        CCD-1A

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DAVID CHAO, an individual, CHASE PETROLEUM, INC., a California corporation

**DEFENDANTS**
EQUILON ENTERPRISES, LLC., a Delaware limited liability company, and DOES 1 through 10, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Thomas P. Bleau, Esq.
BLEAU FOX, A P.L.C.
3575 Cahuenga Boulevard, West
Suite 580
Los Angeles, California 90068
(323) 874-8613

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Damages, Injunctive Relief for Violations of the Petroleum Marketing Practices Act, 15 U.S.C. sec. 2801, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce/ICC Rates/etc.
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- 891 Agricultural Act
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Info. Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Fed. Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury-Med Malpractice
- 365 Personal Injury-Product Liability
- 368 Asbestos Personal Injury Product Liability

- 462 Naturalization Application
- 463 Habeas Corpus-Alien Detainee
- 465 Other Immigration Actions

- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 American with Disabilities - Employment
- 446 American with Disabilities - Other
- 440 Other Civil Rights

- 510 Motions to Vacate Sentence Habeas Corpus
- 530 General
- 535 Death Penalty
- 540 Mandamus/Other
- 550 Civil Rights
- 555 Prison Condition

- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs
- 660 Occupational Safety/Health
- 690 Other

- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

- 820 Copyrights
- 830 Patent
- 840 Trademark

- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS - Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: **CV10 4026**
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                CIVIL COVER SHEET                Page 1 of 2
                                                                CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County; San Bernardino County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[X] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County; San Bernardino County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _[signature]_   Date May 28, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |